RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL
DATE 01/08

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| John Landry, et al | Civil Action No. 06-0262 |
| versus | Judge Tucker L. Melançon |
| Apache Corp., et al | Magistrate Judge C. Michael Hill |

### ORDER

Before the Court is Plaintiff's Motion For A Daubert Hearing Regarding The Testimony of Defendants' Economist [Rec. Doc. 68], Dr. Kenneth Boudreaux, as to his reliance upon the Camus Study to calculate plaintiff's loss of future earning capacity. In their motion, plaintiffs submit that "[t]he Camus study is a biased statistical analysis of the longevity of the work life of offshore oil workers, which was completed in 1985 by Richard Camus & Associates. The Camus report suggests that offshore oilfield workers have shorter work life expectancies than other workers studied by the United States Department of Labor."

Plaintiffs assert that pertinent jurisprudence has repeatedly excluded the Camus Study on the grounds that its reliability cannot be established. In support of their position, plaintiffs cite *Marcel v. Placid Oil Co.*, 11 F.3d 563 (5th Cir. 1994) and *Brommarito v. Penrod Drilling Corp.*, 929 F.2d 186 (5th Cir. 1991), in which the Fifth Circuit affirmed the District Courts' exclusion of testimony based on the Camus Study. Plaintiffs also cite the affidavit of Shirley J. Smith, Ph.D, *Exh, B*, who opines that the Camus Study "cannot be used to accurately determine the worklife of offshore oilfield workers" because "the methodology employed by Mr. Camus has not been tested or

subjected to peer scientific community. Furthermore, the known or potential rate of error of the technique cannot be established." *Aff. Of Shirley J. Smith, Ph.D, Exh.B.*

In *Marcel*, the Fifth Circuit specifically considered Dr. Boudreaux's proposed testimony based on the Camus Study and stated the following:

> In presenting the proposed testimony of Dr. Boudreaux, Placid did not tender any evidence comparing the worklife in the oilfield with the national average or with the worklife of any other occupation. Placid attempted to introduce the specific statistics in the Camus study without reference to any other information which would show that Marcel would likely have a shorter worklife and thus should not receive damages based on an average worklife.

This Court has never allowed the Camus Study to be used in any previous proceedings, although counsel who have retained Dr. Boudreaux have attempted to have the Court do so on numerous occasions. It is therefore

ORDERED that plaintiffs' motion is GRANTED to the extent that Dr. Boudreaux makes any reference to the Camus Study. It is

FURTHER ORDERED that Kenneth J. Boudreaux, Ph.D, Consulting Economist, and/or any economist associated with his group, is prohibited from using the Camus Study in any future report that may be generated by him or his group after engagement by an attorney in any case over which the undersigned United States District Judge presides. It is

FURTHER ORDERED that defense counsel is to personally provide Dr. Boudreaux with a copy of this Order after which she is to certify to this Court that she has done so.

Thus done and signed this 7th day of January, 2008 at Lafayette, Louisiana.

Tucker L. Melançon