UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

John Landry, et alCivil Action No. 06-0262

versusJudge Tucker L. Melançon

Apache Corp., et alMagistrate Judge C. Michael Hill

**ORDER**

Before the Court is Bell Helicopter Textron, Inc.'s ("Bell") Motion In Limine To Exclude the Testimony of Plaintiff's Expert Michael K. Hynes [Rec. Doc. 79] and plaintiff's opposition thereto [Rec. Doc. 82]. For the reasons that follow, Bell's motion will be granted in part and denied in part.

Bell moves the Court to exclude the testimony of plaintiffs' proffered expert witness, Michael K. Hynes, an expert "in the areas of Aviation Accident Reconstruction, Aviation Design and Manufacture, Aviation Human Factors, Aviation Safety Audits, Helicopter Activities Offshore in the Gulf of Mexico, Pilot Operations, and Aviation Ground Operations," as "the data and methodology relied upon by Hynes as it relates to Bell is incomplete, fails to support his conclusions, and his conclusions are otherwise unfounded." *R. 79-4*.

At issue in Bell's motion is section "B. My Expert Opinions re. the facts and circumstances of this matter" of Hynes' Report. *R. 79-6*. Hynes opines that Bell was at fault in the incident in question as follows:

1)Bell (and Rolls Royce) failed to properly warn the users of their products about the hazards associated with PRIST. *See* Exhibit C, Hynes report at p. 3, ¶ c(i).

Case 6:06-cv-00262-TLM-CMH   Document 110   Filed 05/23/08   Page 2 of 6 PageID #: 2600

    2)    Bell (and Rolls Royce) failed to warn "the users of helicopters that had Rolls-Royce engines installed that the use of PRIST was causing engine failures in Rolls-Royce engines and BHT model 206 helicopters." *See* Exhibit C, Hynes report at p. 3, ¶ c(ii).

    3)    Bell selected and installed the Rolls-Royce engine that was in the subject helicopter and Bell knew about the problems associated with PRIST. *See* Exhibit C, Hynes report at p. 3, ¶ c(ii).

    4)    Bell failed to warn defendant Rotorcraft "that the outcome of emergency landings in 'rough' water would result in the loss of the helicopter and in injuries to its crew and passengers." *See* Exhibit C, Hynes report at p. 3, ¶ c(iv).

*Id.*

    Initially, Bell asserts that Hynes failed to articulate the basis of his opinions with regard to Bell's failure to warn of the dangers associated with PRIST, Bell's knowledge of dangers associated with PRIST when it incorporated the Rolls-Royce engine into the 206-L3 helicopter involved in the crash and Bell's failure to warn Rotorcraft about the dangers associated with emergency landings in rough seas. *Id.* Thus, Bell contends, Hynes' testimony as to his opinions ¶¶ c(i), (ii) and (iii) should be excluded. Plaintiffs argue that Hynes did not err in concluding that Bell owed a duty to warn as a manufacturer under the Louisiana Products Liability Act ("LPLA") and as a result of Bell's knowledge of the danger posed by its product prior to the incident at bar.

    Prior to filing this motion, Bell filed a motion for summary judgment contending that it was not a manufacturer under the LPLA and therefore had no duty to warn of the hazards of PRIST and the Rolls-Royce engine fuel nozzel at issue in this case. *R. 74.* In its memorandum ruling on the motion, the Court held that because Bell incorporated the Rolls-Royce engine containing the fuel nozzle at issue

2.

into the helicopter involved in this incident, Bell was a manufacturer under the LPLA, and therefore had a duty to warn about the hazards associated with PRIST. *Id.* In its ruling, the Court cited the National Transportation Safety Board ("NTSB") reports contained in the record of this proceeding. The Court noted that the NTSB report of a Bell 206-L3 helicopter crash which occurred on August 24, 2001, 4 ½ years before the crash in this case, reflected that a representative of Bell participated in the investigation. The NTSB report stated that examination of the helicopter's fuel nozzle inlet screens revealed that the crash was caused by the presence of PRIST. Thus, the Court held that as manufacturer under the LPLA, Bell owed a duty to warn of the dangers of PRIST, based on its knowledge from the prior NTSB investigation and report, but that genuine issues of fact existed as to whether or not Bell's warning was adequate under the factual circumstances of this case.

Although Bell's motion is cast as a Daubert challenge to the methodology Hynes used, it is in substance a challenge of the factual basis of Hynes' opinions.[1] While Bell states that it is attacking Hynes' methodology, Bell does not contend that Hynes' reliance on and use of the facts is faulty. Rather, Bell argues that there is no factual basis for Hynes' opinions. Thus, Bell is attacking the facts of the opinion , not the expert's methodology. As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination. *See*

---

[1] "Bell submits that Hynes' opinions should be excluded because he did not rely upon sufficient facts and data..." R. 79-4.

3.

*Utsey v. Olshan Foundation Repair Co. of New Orleans, LLP*, 2007 WL 4163664 (E.D.La.,2007)(J. Berrigan)(citing *United States v. 14.38 Acres of Land, More or Less S. in County, Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996)). However, if an expert opinion is so fundamentally unsupported that it can offer no assistance to the jury, then the testimony should not be admitted. *See Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987).

Bell's concern about the factual basis of Hynes' report is best resolved by vigorous cross-examination and the presentation of contrary evidence. *Utsey* (citing *Daubert*, 509 U.S. at 596). Based on the Court's ruling in the motion for summary judgment filed by Bell, *R. 106,* Bell's motion to strike numbers one, two and three of Hynes' opinion, related to Bell's duty to warn of the hazards of PRIST, will be denied.

Bell also argues that ¶c(iv) of Hynes' opinion, that Bell failed to warn Rotorcraft "that the outcome of emergency landings in 'rough' water would result in a loss of the helicopter and injuries to its crew and passengers," lacks relevance to this lawsuit under Fed. R. Evid.702. Bell maintains that Hynes' opinion is based on the incorrect assumption that any warning about the effect of "rough" waters could affect the outcome once an emergency landing becomes necessary and that this opinion is "specious, because it presumes that a properly warned pilot would have been able to land somewhere other than the surface of the water that happened to be below the helicopter at the time the engine failed." Plaintiff's opposition memorandum makes no reference to this issue in Bell's motion.

4.

"Rule 702 lays out the test for admissibility of expert testimony:
If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Fed.R.Evid. 702. The requirement that the testimony 'assist the trier of fact' means the evidence must be relevant. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591 (1993). Rule 401 defines relevant evidence as that which has 'any tendency to make any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.' Fed.R.Evid. 401." *Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir., 2002).

The record establishes that the pilot in this case was forced to make an emergency autorotation landing into the waters of the Gulf of Mexico. Based on the failure of the engine, the pilot had no landing option other than its immediate location - the waters of the Gulf of Mexico. There is no dispute that the pilot, the plaintiff and another passenger were removed from the helicopter before it capsized. Hynes' opinion presumes that a properly warned pilot would have been able to land somewhere other than in the water that was below the helicopter at the time the engine failed. The Court therefore finds that Hynes' opinion that Bell should have warned that emergency landings in rough water would result in a loss of the

helicopter and injuries to the crew and passengers lacks relevance in this proceeding and fails to satisfy Rule 702, Rule 401 and the *Daubert* standard. Accordingly, it is

ORDERED that Bell Helicopter Textron, Inc.'s Motion In Limine To Exclude the Testimony of Plaintiff's Expert Michael K. Hynes [Rec. Doc. 79] is GRANTED IN PART as to Hynes' opinion, B, ¶ c(iv), that Bell failed to warn defendant Rotorcraft "that the outcome of emergency landings in 'rough' water would result in the loss of the helicopter and in injuries to its crew and passengers," and DENIED IN PART as to Hynes' opinions B, ¶¶ c(i), c(ii), c(iii), regarding Bell's failure to warn of the hazards of PRIST.

Thus done and signed this 23rd day of May, 2008 at Lafayette, Louisiana.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE